**UNITED STATES DISTRICT COURT**
**FEDERAL DISTRICT OF RHODE ISLAND**

**DIANE MORRIS AND**
**GEOFFREY MORRIS,**
**Plaintiffs,**

**v.** **C.A. No. 06-52T**

**BLUE CROSS & BLUE SHIELD**
**OF RHODE ISLAND,**
**Defendant.**

**ANSWER TO FIRST AMENDED COMPLAINT**

Now comes Blue Cross & Blue Shield of Rhode Island ("Defendant"), and hereby responds to Plaintiffs' First Amended Complaint as follows:

1. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint, and in answering further states that Defendant is an *independent* licensee of the Blue Cross and Blue Shield Association, as well as a nonprofit hospital and medical service corporation.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. No response is required to the allegations set forth in paragraph 6 of the Complaint as they are conclusions of law.

7. No response is required to the allegations set forth in paragraph 7 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant denies the allegations.

8. No response is required to the allegations set forth in paragraph 8 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant denies the allegations.

## **Facts and Background**

9. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint, to the extent that Defendant has an agreement with Starkweather & Shepley, Inc. whereby their employees can enroll in Defendant's insurance products.

11. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint. .

13. Defendant admits the allegations contained in paragraph 13 of the Complaint, to the extent that a Blue Cross contract with Mr. Morris exists, and refers to it for the terms thereof. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint, to the extent that a Blue Cross contract with Mr. Morris exists, and refers to it for the terms thereof.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint, to the extent that a Blue Cross contract with Mr. Morris exists, and refers to it for the terms thereof.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint, to the extent that a Blue Cross contract with Mr. Morris exists, and refers to it for the terms thereof.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint, to the extent that a Blue Cross contract with Mr. Morris exists, and refers to it for the terms thereof.

## **The Medical Condition of Diane Morris**

18. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without knowledge and/or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint, to the extent that correspondence from Dr. Blazer dated April 21, 2005 exists, and refers to it for the statements set forth therein.

**Background Relating to Disc Replacement Surgery**

28. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

**Ms. Morris' Request for Disc Replacement Surgery**

32. Defendant admits the allegations in paragraph 32 of the Complaint, to the extent that correspondence from Dr. Blazer dated April 21, 2005 exists, and refers to it for the statements set forth therein.

33. Defendant admits the allegations in paragraph 33 of the Complaint, to the extent that correspondence from Dr. Blazer dated April 21, 2005 exists, and refers to it for the statements set forth therein.

34. Defendant admits the allegations contained in paragraph 34 of the Complaint, to the extent that correspondence from Dr. Hollmann dated May 10, 2005 exists, and refers to it for the statements set forth therein.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint, to the extent that correspondence to Ms. Morris dated May 13, 2005 exists, and refers to it for the statements set forth therein.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint, to the extent that correspondence from Mr. Morris to Defendant dated June 8, 2005 exists and refers to it for the statements set forth therein.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint to the extent that Defendant administers some functions for Beacon Mutual Insurance Company; however, Defendant denies the remaining allegations in paragraph 37.

38. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in paragraph 40 of the Complaint, to the extent that correspondence from Carol Cooney to Defendant dated June 20, 2005 exists, and refers to it for the statements set forth therein.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint, to the extent that correspondence from Defendant to Plaintiff dated June 21, 2005 exists, and refers to it for the statements set forth therein.

42. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint, to the extent that correspondence from Mass Pro to Nurse Abatiello dated July 21, 2005 exists, and refers to it for the statements set forth therein.

44. Defendant admits the allegations contained in paragraph 44 of the Complaint, to the extent that correspondence from Carol Cooney to Defendant dated July 28, 2005 exists, and refers to it for the statements set forth therein.

45. Defendant admits the allegations contained in paragraph 45 of the Complaint, to the extent that correspondence from Carol Cooney to Defendant dated August 17, 2005 exists, and refers to it for the statements set forth therein. Defendant denies the remaining allegations in paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in paragraph 46 of the Complaint, to the extent all levels of appeal have been exhausted by Plaintiffs.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant admits the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

**Count I**

**Breach of Contract**

50. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 49 as if fully set forth herein.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiffs' Complaint with prejudice and assessing Plaintiffs with Defendant's costs, attorney's fees and disbursements incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

**COUNT II**

**Bad Faith**

53. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 52 as if fully set forth herein.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiffs' Complaint with prejudice and assessing Plaintiffs with Defendant's costs, attorney's fees and disbursements

incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

**COUNT III**

**Injunctive Relief**

56. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 55 as if fully set forth herein.

57. Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

**COUNT IV**

**Employee Retirement Income Security Act ("Erisa")**

59. Defendant incorporates by reference its responses set forth above in paragraphs 1 through 58 as if fully set forth herein.

60. No response is required to the allegations set forth in paragraph 60 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations.

61. No response is required to the allegations set forth in paragraph 61 of the Complaint as they are conclusions of law; however, to the extent that a response is deemed to be required, Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is wholly insubstantial, frivolous and not advanced in good faith.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed because of lack of jurisdiction over the subject matter of the action.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint should be barred in whole or in part by the equitable doctrines of waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred because if there was an agreement between Plaintiffs and Defendant, Plaintiffs breached the agreement, therefore, Plaintiffs are not entitled to prevail in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the equitable doctrines of unclean hands and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the statute of limitations.

WHEREFORE, Defendant hereby demands judgment dismissing Plaintiffs' Complaint with prejudice and assessing Plaintiffs with Defendant's costs, attorney's fees and disbursements incurred in the defense of this action and requests that this Court grant Defendant any and all additional relief, equitable or legal, that is just and proper under the circumstances.

Blue Cross & Blue Shield
of Rhode Island
By its attorney,

_/s/ Maurene Souza
Maurene Souza, #6555
Law Offices of Maurene Souza
50 South Main Street
Providence, RI 02903
Telephone: (401) 277-9822
Fax: (401) 633-7763

**CERTIFICATION**

I hereby certify that this Answer to the Amended Complaint was electronically submitted to the ECF System of the United States District Court for Rhode Island for filing and its distribution to counsel of record on November 13, 2006 and then again on December 6, 2006. This document is available for viewing and downloading from the ECF System.

_/s/ Maurene Souza